[No. 33390.  Department Two.  May 17, 1956.]

STEPHANIE L. SWEENY, *Appellant*, v. CLARENCE SWEENY, *Respondent*.[1]

[1]Reported in 297 P. (2d) 610.

*Hulbert S. Murray, Geo. H. Rummens, Kenneth P. Short,* and *Paul R. Cressman,* for appellant.

*Wettrick, Flood, O'Brien, Toulouse & Lirhus,* for respondent.

WEAVER, J.—Plaintiff wife (appellant) and defendant husband (respondent) were both granted a divorce February 29, 1952. The court found each parent fit to have custody of their three-year-old son. Mrs. Sweeny, however, was given custody of the boy, subject to liberal visitation rights by Mr. Sweeny. The decree prohibited removal of the child from the state without first obtaining an order of court. There was no appeal from the divorce decree.

June 17, 1952, Mrs. Sweeny's motion requesting permission to remove the child from the state was denied. She did not appeal. However, she and her mother moved to California. She took the boy with her. Mrs. Sweeny secured employment there.

October 7, 1952, the court modified the original divorce decree upon petition of Mr. Sweeny. The modification granted custody of his son to him with visitation privileges to Mrs. Sweeny. On appeal, the judgment of modification was affirmed. *Sweeny v. Sweeny,* 43 Wn. (2d) 542, 262 P. (2d) 207 (1953). Therein, we said:

"The [trial] court found that the father is a fit person to have custody of the child, and, in effect, that the changed circumstances warranted a change in custody. Under the facts and circumstances here involved, it is our opinion that there was no manifest abuse of discretion or error on the part of the trial court."

Based upon this, Mr. Sweeny secured custody of his son, Patrick, by writ of *habeas corpus* issued by the California courts. Father and son returned to Seattle, where Mr. Sweeny and his unmarried sister (both employed) maintain a home with the aid of a housekeeper. Shortly thereafter, Mrs. Sweeny and her mother re-established their home in Seattle.

October 21, 1954, Mrs. Sweeny sought custody of her son by filing a petition to modify the divorce decree. The alle-

gations of the petition are properly confined to circumstances allegedly arising subsequent to the modification decree of October 7, 1952. The modification petition was denied April 8, 1955. Mrs. Sweeny appeals from the decree denying her petition for modification.

First, we find it necessary to determine exactly what part of the trial record is properly before us.

The decree from which this appeal is prosecuted was filed April 8, 1955. May 3, 1955, Mrs. Sweeny filed her notice of appeal. No proposed statement of facts was served or filed "within ninety days after the date of the final judgment." Rule on Appeal 34, 34A Wn. (2d) 36. On the ninety-first day, counsel for Mrs. Sweeny (appellant) filed a concise statement of points. This statement had not been served upon counsel.

July 21, 1955, counsel for Mr. Sweeny (respondent) filed a motion to dismiss the appeal.

August 11, 1955, in *Sweeny v. Sweeny,* 47 Wn. (2d) 169, 286 P. (2d) 719, we held the concise statement of points to be surplusage, denied the motion to dismiss, and said:

"Respondent [Mr. Sweeny] will have notice of the questions presented when he examines the assignments of error set out in appellant's brief. If any such assignments raise questions which cannot be decided without considering the trial court proceedings, such questions will not be decided on this appeal."

As this case comes to us for the third time, we find that *Mr. Sweeny, respondent,* caused a statement of facts to be filed August 31, 1955. The transcript contains an order, dated July 29, 1955, granting an extension to August 31, 1955, to file and serve *amendments* to the *proposed* statement of facts. However, no *proposed* statement of facts had been filed within the ninety-day period; hence, there was nothing to amend. In addition, there is no showing that an extension of time was requested within the ninety-day period. Further, the order purports to extend the time for filing more than thirty days beyond the original period, contrary to Rule on Appeal 34, 34A Wn. (2d) 36. We can-

not consider the statement of facts filed by respondent husband.

In her assignments of error, Mrs. Sweeny claims that the findings of fact do not support the conclusions of law and that, together, they do not support the decree which denies her petition for modification. In addition, since a statement of facts is not before us, we consider only those assignments of error of Mr. Sweeny, respondent (see *Burt v. Heikkala*, 44 Wn. (2d) 52, 54, 265 P. (2d) 280 (1954)), directed to certain conclusions of law.

The fundamental error of law which permeates the entire proceeding is the misinterpretation, misconstruction, and misapplication by the trial court of our decision in *Sweeny v. Sweeny*, 43 Wn. (2d) 542, 262 P. (2d) 207 (1953). This resulted in the trial court's declining to exercise its own discretion on the question of custody within the limits of the issues then before it.

This is illustrated by the conclusions of law which we quote:

"III. That the order changing custody to the defendant [Mr. Sweeny], affirmed by the Supreme Court [43 Wn. (2d) 542] was entered without giving consideration to the welfare of the child, which is of paramount importance but entered for the purpose of punishing the mother for contempt of court in removing the child from the State; that the matter of contempt should have been considered as a matter of contempt separate and distinct from the matter of custody."

"IV. However, considering the present order, as affirmed by the Supreme Court changing custody, there is not a change in circumstances warranting relief for the welfare of the child, and this court, irrespective of the resulted injury to the child in present and future rearing, is bound by the decision of the Supreme Court and the petition must be dismissed.

"*Except for the decision of the Supreme Court, this Court would immediately change the custody of the child to the mother.* This Court would change that custody now, irrespective of that decision, but if reversed on appeal the child would again be temporarily uprooted and the boy's confusion would be increased by a second transfer upon reversal to the father." (Italics ours.)

"V. Finally, the welfare of the child requires a, change of custody in the shortest time possible from the father to the mother."

Based on these conclusions of law, the decree which the trial court entered reads:

"IT IS ORDERED, ADJUDGED AND DECREED that the petition to modify decree of divorce changing custody from the father to the mother be, and the same is hereby denied, *solely upon the ground and for the reason that while the welfare of the child requires that he be immediately transferred from the custody of the father to the mother, this court is bound by the decision of the Supreme Court in the above entitled cause, Sweeny v. Sweeny, 43 Wn. (2d) 542.*" (Italics ours.)

The decree of modification of October 7, 1952, as affirmed by this court, is final and *res judicata* upon the issue of child custody determined on conditions *then existing*. It remains so unless and until there is a material change in circumstances which justifies its modification in the interest of the welfare of the child. This change must take place *subsequent* to the entry of the last custody order. *Brim v. Struthers*, 44 Wn. (2d) 833, 835, 271 P. (2d) 441 (1954). (We recently discussed the nature and extent of the change necessary to result in modification. See *Klettke v. Klettke, ante* p. 502, 294 P. (2d) 938 (1956)). It is obvious the decree of October 7, 1952, does not treat with anything subsequent to that date and has no direct bearing upon the issue before the trial court in the instant case.

Our present disposition of this case is governed by the *rationale* of two recent decisions: *Revier v. Revier, ante* p. 231, 292 P. (2d) 861 (1956), and *Martin v. Coca Cola Bottling, Inc., ante* p. 444, 294 P. (2d) 429 (1956).

*Revier v. Revier, supra,* is a divorce action wherein the mother appealed from a decree awarding custody of their child to. the father. Appellant had been found guilty of adultery.

In his oral opinion, the trial judge stated that he had very little discretion, in so far as the custody of the child was concerned, because of the adultery; that this had all been determined by the supreme court in *Christian v. Christian.*

45 Wn. (2d) 387, 275 P. (2d) 422 (1954). The findings of fact and conclusions of law, as contrasted with those of the instant case, quoted *supra,* contained no hint that the trial court entertained the view that the appellant should have custody of her child, or that the court did not exercise its own discretion.

In answer to appellant's contention that the trial court erroneously declined to exercise its own discretion on the question of custody, because of its reference to the *Christian* case, *supra,* this court said:

"Had the trial judge stated that, *but for* the *Christian* decision, he would have awarded custody to appellant, an *erroneous surrender* of the duty to exercise his own discretion would be indicated . . . The parties and this court are entitled to have the benefit of the trial court's sound evaluation of these factors in the light of the facts of the case before him.

"But here, the trial judge did not state or imply that, except for the *Christian* decision, he would have awarded custody to the appellant. . . .

"The reference in the oral opinion to the *Christian* decision must, therefore, be regarded as merely the taking into account of a decisional rule that adultery is a weighty factor to be considered. The taking into account of such rule is not a surrender of duty to exercise discretion, but is an exercise of such duty." (Italics ours.)

The *Martin* case, *supra,* treats with an order denying a motion for a new trial. The order recites:

" ' . . . the Court being of the opinion that the *verdict was excessive* and that it *ought to be reduced to the sum of $500.00, but being further of the opinion that the holding of the court in the* case of *Lundquist v. Coca-Cola Bottling, Inc.* [42 Wn. (2d) 170, 254 P. (2d) 488] *prevents such reduction in damages* which this court *otherwise would hold were so excessive as to be unmistakably the result of passion and prejudice*; now, therefore, for the above and foregoing reasons,

"It Is Hereby Ordered that the defendant's motion for new trial be and the same is hereby denied.' "

This court remanded the case, saying:

"We think it is up to the trial judge to act and to exercise his discretion in the matter without such restrictions as he

apparently thought he was under because of his misconceptions regarding the decision in the *Lundquist* case."

*A fortiori,* the prior decision of this court in this matter does not require the trial judge to surrender his duty to exercise his own discretion. The parties and this court are entitled to have the benefit of his sound evaluation of the issues involved in the light of the facts before him.

The conclusions of law and the judgment from which this appeal is prosecuted are set aside, and the case remanded to the trial court for further proceedings not inconsistent with the views expressed herein.

It should be clearly understood that we express no opinion upon the question of whether the petition for modification should be granted or denied. At this stage, that question is entirely within the judicial province of the trial court.

However, we agree with the thought expressed by the trial judge in paragraph IV of the conclusions of law, quoted *supra,* that Patrick Sweeny should not be "temporarily uprooted." Therefore, should the prayer of Mrs. Sweeny's petition for modification, filed October 21, 1954, be granted, change of custody shall not be effective until the decree becomes final, either by expiration of the time in which an appeal may be taken, or by final disposition of an appeal, if an appeal is taken.

Costs of this appeal shall abide final disposition of the petition of October 21, 1954. (See Rule on Appeal 55 (1), as adopted May 8, 1956.)

It is so ordered.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.