[No. 34373. Department One. May 8, 1958.]

STEPHANIE L. SWEENY, *Appellant*, v. CLARENCE SWEENY, *Respondent*.[1]

[1]Reported in 324 P. (2d) 1096.

*Hulbert S. Murray*, for appellant.

*Wettrick, Flood, O'Brien, Toulouse & Lirhus*, for respondent.

OTT, J.—Stephanie L. Sweeny has, on two prior occasions, appealed to this court from judgments of the trial court relative to obtaining from Clarence Sweeny, her former husband, the custody of their minor son, Patrick Sean Sweeny. *Sweeny v. Sweeny*, 43 Wn. (2d) 542, 262 P. (2d) 207 (1953); *Sweeny v. Sweeny*, 48 Wn. (2d) 872, 297 P. (2d) 610 (1956).

We will not, in this opinion, restate the sequence of events which precipitated those appeals. In the last appeal, this court determined that the trial court had not exercised its discretion by considering the evidence, as it related to Stephanie L. Sweeny's petition for the custody of Patrick, and entering its findings of fact based thereon. As a result of that determination, the conclusions of law and judgment were set aside. The cause was remanded with instructions to take further proceedings, to make a determination of the factual issues presented, and to enter judgment accordingly.

Prior to the retrial, Clarence Sweeny formally petitioned the court to reopen the case to receive evidence concerning

Patrick's welfare during the seventeen months which had elapsed since the last trial. The trial court granted the motion and directed that the cause

". . . be reopened for the purpose of taking additional testimony and evidence relating to the health, welfare and activities of PATRICK SEAN SWEENY, the minor child of the parties, for the period subsequent to the close of the last trial up to the present date."

The cause proceeded to trial upon the petition for modification. Numerous witnesses testified in support of and in opposition to the petition. The court, after considering the evidence of both trials, entered its findings of fact, conclusions of law, and judgement. From the judgment denying her petition, Stephanie L. Sweeny has appealed.

Appellant urges that the trial court violated the mandate of this court when it reopened the case for the taking of additional testimony. In the questioned decision (*Sweeny v. Sweeny*, 48 Wn. (2d) 872, 878, 297 P. (2d) 610 (1956)), this court directed that "The conclusions of law and the judgment . . . are set aside, and the case remanded to the trial court for further proceedings." There was no direction that new findings be entered upon the evidence contained in the appeal record, or that the "further proceedings" be limited to the trial court's consideration of that record only.

The matter of granting a motion to reopen a case for the purpose of taking additional testimony, rests in the sound discretion of the trial court, and the exercise of its discretion will not be disturbed except for a manifest abuse. *Fuller v. Ostruske*, 48 Wn. (2d) 802, 808, 296 P. (2d) 996 (1956), and cases cited; *Finley v. Finley*, 47 Wn. (2d) 307, 313, 287 P. (2d) 475 (1955), and case cited.

In child custody cases, the welfare of the child is the paramount concern of the court. *Klettke v. Klettke*, 48 Wn. (2d) 502, 294 P. (2d) 938 (1956). The court must be informed of the conditions and circumstances relative to the child's welfare which exist at the time of the entry of the order, for the reason that a modification order speaks as of the date of its entry. In this case, circumstances relative to

the child's welfare which may have arisen during the seventeen months' interval between the two trials, were of prime consideration for the court. The trial court did not abuse its discretion in reopening the case for this purpose.

Appellant next assigns error to finding of fact No. 15, which reads as follows:

"That at the hearing, occurring on July 25, 26 and 27, 1956, from the evidence adduced at said hearing, the Court further finds that the child, Patrick, has finished the first grade in school and that he is making good progress according to the reports of his teacher, that he reads well, is handling all of the studies that are given to him and he is above average in his class. The Court further finds from the testimony that the neighbors in the defendant's neighborhood see Patrick constantly playing with their children; that all of the neighbors regard the boy as a normal, happy child. The Court further finds that if there has been any change of circumstances in the case, since the date of the last hearing, it has been in the direction of better adjustment by Patrick to his father. The Court further finds that it cannot find anything from the evidence that would indicate that a switch to full time living with his mother would improve Patrick's adjustment or his relationship with her. The Court further finds that there has been no change of circumstances occurring since the entry of the last order, which would justify its modification, in the interest of the welfare of Patrick; that any change or modification switching Patrick's custody to his mother at this time—after said custody has been in the defendant father for some four years—would in fact be detrimental to the interest and welfare of Patrick."

Appellant argues that there has been such a change of circumstances, since the custody of the child, Patrick, was transferred to his father, that a return of custody to his mother is warranted. In support of this contention, appellant cites opinions in which we have said that the mother of a child should not be deprived of his custody, if the child be of tender age, unless it is clearly shown that she is so far an unfit and improper person that her custody of the child would endanger his welfare. What we have said in those cases is always qualified by the general rule that the welfare of the child is the paramount concern of the court.

*Chatwood v. Chatwood,* 44 Wn. (2d) 233, 237, 266 P. (2d) 782 (1954), and cases cited.

 In child custody cases, we have adhered to these additional general rules: Each case must be considered on its own facts and circumstances. The wishes of the parents are subsidiary to the best interests of the child. *Munroe v. Munroe,* 47 Wn. (2d) 391, 394, 287 P. (2d) 482 (1955); *Joslin v. Joslin,* 45 Wn. (2d) 357, 364, 274 P. (2d) 847 (1954); *Sweeny v. Sweeny,* 43 Wn. (2d) 542, 551, 262 P. (2d) 207 (1953). Custody will be awarded to the father, when it appears that it would be for the best interests of the child. *Chatwood v. Chatwood, supra; Pardee v. Pardee,* 21 Wn. (2d) 25, 149 P. (2d) 522 (1944). Conclusions reached by trial courts will not be disturbed, unless there is a clear showing of abuse of discretion. *Munroe v. Munroe, supra,* p. 394, and cases cited; *Hoyt v. Hoyt,* 46 Wn. (2d) 373, 374, 281 P. (2d) 856 (1955), and cases cited; *Joslin v. Joslin, supra,* p. 364.

Our review of the record indicates that, at the time of the trial, the father had had actual custody of Patrick for a period in excess of four years; that he is now eight years of age and is in the third grade; that his progress in school is good; that he is taking music lessons; that he plays with numerous children in the neighborhood; that he goes camping and fishing with his father; that he has frequent medical examinations and his health is good; that he attends Sunday school regularly; that he is obedient and truthful; that his home environment is good, and that he visits his mother at her home every other week end and is encouraged to have love and respect for her. There is no evidence of any immoral conduct on the part of either the appellant or the respondent.

 After considering all of the evidence, the trial court, in the exercise of its discretion, concluded that the welfare of the child would best be served by avoiding another change in custody. From our review of the record, we do not find that the trial court abused its discretion in this regard.

The remaining assignments of error are so related to the contentions discussed above that we deem it unnecessary to discuss them separately.

The judgment of the trial court is affirmed.

HILL, C. J., MALLERY, FINLEY, and HUNTER, JJ., concur.

[1]Reported in 324 P. (2d) 1088.