Deloris M. **HOUGER**, Appellant,

v.

Gary L. **HOUGER**, Appellee.

No. 954.

Supreme Court of Alaska.

Jan. 27, 1969.

Lloyd I. Hoppner, Rice & Hoppner, Fairbanks, for appellant.

Eugene V. Miller, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

This is a divorce action commenced by appellant. The trial judge found that an incompatibility of temperament had developed between the parties which rendered continuance of the marital status intolerable. Finding both parties at fault, the judge determined that appellant and appellee were both entitled to judgments of divorce from the other. The grounds for appeal by appellant are that the judge was in error or abused his discretion in making certain provisions regarding the distribu-

tion of the parties' property and the support of their three minor children, in denying appellant an award of attorney's fees as part of her costs, and in failing to reopen the case and modify the decree as it related to the custody of the children.

Appellant was given custody of the children during the school months and appellee, during the school vacation months. While appellant had custody, appellee was required to pay her $75 a month for each of the three children. However, the judge then modified appellee's obligation of support by stating:

> [T]he Defendant is presently medically unfit to work, and therefore, the award of child support shall be held in abeyance while the Defendant continues in this condition, provided that the Defendant shall from time to time, and at least every three (3) months, provide to the Court names of persons that he has contacted seeking employment.

Appellee testified that since he had been injured in an automobile accident his equilibrium was deficient, that he saw double, that he was unable to work as a carpenter, and that his foot was injured and would require medical care in the future. Appellee's father and brother, engaged in the floor finishing business, testified that appellee had been in the carpentry business all his life, that all he knew was carpentry, and that since the accident he was not capable of working as a floor finisher or carpenter in their business.

There was no testimony by a physician regarding the nature or extent of appellee's injuries and disability. Appellant claims that in the absence of such testimony, the court could not properly find that appellee was medically unfit for work.

■ If a question of the nature or character of appellee's injuries were in-

volved, some special skill would be needed, and expert testimony by someone qualified in medical science would be required. But as Professor Wigmore points out, there are numerous related matters involving health and bodily soundness, not exclusively within the domain of medical science, upon which the ordinary experience of everyday life is entirely sufficient.[1] One of such matters is a man's capacity or lack of it to perform certain types of work as it relates to an injury he has received. On this subject there is probably no one better informed than the injured man himself, or his associates who observe his efforts to perform such work. The testimony of appellee, and of his father and brother who observed his attempts to work as a floor finisher and carpenter, was entirely competent for the purpose of making a finding as to whether appellee was medically unfit for the work in which he was experienced and for which he was trained.[2]

The judge also provided that the award of child support should be held in abeyance so long as appellee furnished the court at least every three months

> * * * with a list of persons, corporations or legal entities that he has contacted seeking employment, or if employed for whom he is employed.

Appellant states that this provision creates an absurd situation in which appellee is given the discretion in determining what kinds of employment he will seek, from whom he will seek them, and how often during the three-month period he will seek employment, and that if he fails to find employment, even though he may be qualified and able to work, he is relieved from his obligation of child support. Appellant argues that such a requirement imposed by the court proves nothing more than appellee has contacted someone in seeking work, and that it has no relevance to the ques-

1. 2 J. Wigmore, Evidence § 568(1), at 660 (3d ed. 1940).

2. Semet-Solway Co. v. Wilcox, 143 F. 839, 842–843 (3d Cir.), cert. denied, 202 U.S. 617, 26 S.Ct. 764, 50 L.Ed. 1173 (1906);

Konieczka v. Mt. Clemens Metal Products Co., 360 Mich. 500, 104 N.W.2d 202, 204 (1960); Texas Employers' Ins. Ass'n v. Long, 180 S.W.2d 629, 632–633 (Texas Civ.App.1944).

tion of appellee's disability; and that if appellee is in fact disabled, the enjoyment of continued immunity from child support obligations because of disability should at least be based upon a certificate from a licensed physician as to such disability and its extent.

We agree with appellant. The provision made by the trial judge for appellee to furnish every three months a list of persons from whom he sought employment does not necessarily tend to show whether appellee has continued to be medically unfit for work. Such a provision is too susceptible to abuse. All that appellee has to do, in order to avoid his obligation to support his children, is to name one or more persons from whom he sought employment, without regard to whether he reasonably could have expected to be employed by such persons or whether he really intended to obtain employment from them. There is no way to answer these questions because no means has been provided in the judgment for appellant or anyone else to test the sincerity of appellee's efforts to find a job.

A father has the primary and continuing obligation to support his children.[3] He should not be relieved of that obligation except under the most extreme circumstances. We believe that this concept will have effect and meaning in this case only if such obligation is placed on appellee by the divorce judgment without attached conditions, such as holding the obligation in abeyance while appellee is medically unfit for work. The burden should be placed on appellee to establish justifiable reasons for being relieved of his duty to support his children. This could be done in supplementary proceedings initiated by appellant or the court trustee for collection of support payments from appellee, where appellee would be given the opportunity to demonstrate, if he were able, that he was medically unfit for any type of remunerative employment, and where the opportunity of cross-examination would be afforded appellant. We say "any type" of employment advisedly. True, appellee is a carpenter and may not, because of his physical condition, be able to engage in carpentry. But there may be other kinds of work which appellee could engage in despite any disability he may have. He should be required to seek such other work with respect to his obligation to support his children even though such work may not appeal to him, because there is no room for professional or occupational pride where the duty of child support is involved.

At the trial appellant testified that she would need approximately $300 a month for food, clothing and housing of her three children. There was no specific testimony or other evidence which would tend to show the actual monetary needs for the children's support. The trial judge awarded support in the amount of $75 a month for each child. Appellant claims that this was error, and that the larger amount, $100 a month for each child, should have been awarded since she testified that this is what was needed and there was no conflicting testimony on this point.

AS 09.55.210(1) provides that: In a judgment in an action for divorce * * * the court may provide

(1) for the care and custody of minor children of the marriage as it considers just and proper * * *.[4]

This vests a broad discretion in the trial court in providing for the care of children,[5] and "care" includes provisions made by the court for the children's support. As in other cases where discretionary au-

---

3. Rees v. Archibald, 6 Utah 2d 264, 311 P.2d 788, 789–790 (1957).

4. Subsequent to the entry of judgment in this case, AS 09.55.210(1) was repealed by the legislature. SLA 1968, ch. 160 § 2.

5. Rhodes v. Rhodes, 370 P.2d 902, 903 (Alaska 1962).

thority is involved, we shall not reverse the trial court in the absence of the showing of an abuse of discretion. And we shall not find an abuse of discretion unless we are left with the definite and firm conviction on the whole record that the judge made a mistake in awarding the child support he did.[6]

 In light of the high cost of living in Alaska, appellant would probably have a difficult time in supporting three children with the $225 a month that appellee was required to pay when he was able to do so. But in setting this amount for child support, the court undoubtedly was influenced by the fact of appellee's physical disability which prevented him from carrying on his trade as a carpenter, and by the fact that appellant was permitted by the judgment to occupy the parties' trailer home and nine acres of land without payment of rent so long as she remained in Alaska and unmarried. Considering these factors, we are not convinced that the judge made a mistake, and thus abused his discretion, in setting child support payments of $75 a month for each child.

The judgment provided that the real and personal property of the parties should remain in both their names, in trust for the sole purpose of securing support for the minor children. Under the terms of the trust, if appellee was unable to find employment or unable to support the children in any other way, he was authorized to sell any of the property in his sole discretion in order to raise the monthly support payments for the children. The judgment then went on to provide that all of the property remaining unsold at the time the youngest child reached 19 years of age would become appellee's sole and separate property. Appellant argues that this provision of the judgment was manifestly unfair since she was given none of the parties' property.

 The trial judge was authorized to provide

for the division between the parties of their joint property or the separate property of each, in the manner as may be just, and without regard as to which of the parties is the owner of the property * * *.[7]

This statutory authority vests in the trial judge a broad discretion, the exercise of which we shall not disturb in the absence of a showing by an aggrieved party that a property division is clearly unjust,[8] and thus that there was an abuse of discretion on the part of the trial judge.[9]

 If appellee is able to work and make child support payments from his earnings, then the effect of the award is to give appellee all of the property of the parties. If appellee is unable to work and must satisfy his obligation of child support from the proceeds of the sale of the property, then the effect of the award is to relieve appellee of the burden of supporting his children to the extent that a portion of the property so sold might otherwise have been awarded to appellant under a just division of the parties' property.

This, we believe, is unfair to appellant. The judgment places upon the father of the children the primary responsibility for their support. This obligation should not be a consideration affecting a just division of property between the husband and wife. The wife's right to an equitable share of the property should not be diminished because the court wishes to ease the burden of child support imposed on the husband. It is not just to place the burden of child support on appellee and then provide appellee with the means of allevi-

6. See Sanuita v. Hedberg, 404 P.2d 647, 650–651 (Alaska 1965); National Bank of Alaska v. McHugh, 416 P.2d 239, 244 (Alaska 1966).

7. AS 09.55.210(6).

8. McSmith v. McSmith, 387 P.2d 454, 455 (Alaska 1963).

9. Merrill v. Merrill, 388 P.2d 259, 260–261 (Alaska 1964).

ating his burden at appellant's expense and to her detriment.

No reason appears why appellant was not entitled to a share of the property under a just division. It is true that appellant was given consideration when she was permitted to occupy the trailer home and the nine acres of land on which it is located "for so long as she shall remain in Alaska and remains unmarried." But appellant testified that she was without money, that she could not find work in the Fairbanks area where the parties resided, but that she undoubtedly could get work if she moved to California. In the light of this situation, it is unlikely that the furnishing of appellant with a rent free trailer home 29 miles from the city of Fairbanks was of much benefit to her.

■ The property of the parties consisted of two pieces of real property and some personal property. One of the pieces of real property was a 160 acre homestead, located at mile 33 on the Richardson Highway, and valued at about $4,800. The other piece was the 9 acres of land where the parties' trailer home was situated, and its value was estimated to be about $10,000. The personal property consisted of certain "garage material," a number of second-hand automobiles, an interest in a D-7 Caterpillar, and carpenter tools and other miscellaneous items—the total value of which probably would not exceed $2,000. We believe that under the requirement that there be a just division of property, it was inequitable not to award appellant any interest in the real property. The case will be remanded to the trial court for the purpose of making a just division of the real property and of making sufficiently detailed findings which disclose the basis for such division.[10]

■ Appellant contends that the court erred in refusing to award her attorney's fees. Civil Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Under Civil Rule 82(a) (1) "attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount." Under both rules the test for determining if one is entitled to an award of attorney's fees is whether he is the prevailing party. Here the court found both parties at fault and provided that each was entitled to a divorce from the other. This means that neither appellant nor appellee was the "prevailing party," within the meaning of the rules, since it could not be said that either of the parties, more than the other, was the one "in whose favor the * * * judgment [was] rendered."[11] This would mean that it would not have been error to provide that no costs or attorney's fees should be awarded to appellant.

■ However, a specific legislative enactment must be considered. AS 09.55.200 (a) (1) provides that:

During the pendency of the action, the court may provide by order

(1) that the husband pay an amount of money as may be necessary to enable the wife to prosecute or defend the action * * *.

This shows a legislative intent that attorney's fees be allowable to the wife in a divorce action regardless of who is the prevailing party. The case will be remanded to the trial court for determination of an appropriate award of attorney's fees to appellant.[12]

Appellee was awarded custody of the children during the school vacation months, and appellant was given custody for the remainder of the year. After the trial was over and the judgment entered, appellant moved to reopen the case for the taking

10. Merrill v. Merrill, 368 P.2d 546 (Alaska 1962). The factors to be considered in making a property division are spelled out in this case at note 4, pages 547-548.

11. Buza v. Columbia Lumber Co., 395 P. 2d 511, 514 (Alaska 1964).

12. See 3 W. Nelson, Divorce and Annulment § 29.03 (2d ed.1945).

of additional evidence or, in the alternative, for the modification of the judgment as it related to custody of the children. The basis for the motion, as contained in an affidavit of appellant's counsel, was that the testimony of a Dr. James Lundquist would tend to prove that appellee, when last examined by Dr. Lundquist, was sufficiently mentally unstable so as to not be a safe person to have custody of the children or to have extended visitation rights with them without someone else present at all times. The motion for reopening or for modification was denied, and appellant claims this was error.

■■■ As in the case of a motion for a new trial, the granting or refusing of a motion to reopen a divorce proceeding or to modify the judgment rests in the sound discretion of the trial judge. We shall not interfere with the exercise of that discretion other than in exceptional circumstances and to prevent a miscarriage of justice.[13]

■■■ That part of the motion which requests that the action be reopened for the taking of additional testimony is in effect a request for a new trial. But such a request, being based as it is on the ground that new evidence should be presented, must show that the evidence is newly discovered, i. e., that it was discovered since the trial and is of such a nature that it could not have been discovered before trial without due diligence.[14] Such a showing has not been made. Neither in the motion to reopen the case nor in the supporting affidavit of appellant's counsel is there any indication that appellant was unaware of the existence of the proposed testimony of Dr. Lundquist and other medical examiners. We see no reason to interfere with the trial judge's discretion in refusing to reopen the proceedings to take additional evidence.

■■■ Nor do we have cause to interfere with the discretion of the trial judge in refusing to modify the judgment as it pertains to the custody of the children. He would have been justified in modifying the custody arrangements only if it had been shown that since the date of entry of the judgment changed facts and circumstances affecting the welfare of the children required modification for the best interests of the children.[15] Such a showing was not made. The motion to modify was filed one week after the date the judgment was entered. No attempt was made to show that in that brief time there occurred a change in circumstances calling for different custody arrangements.

13. See Patrick v. Sedwick, 413 P.2d 169, 176 (Alaska 1966); Ahlstrom v. Cummings, 388 P.2d 261, 262 (Alaska 1964).

14. Patrick v. Sedwick, 413 P.2d 169, 177 (Alaska 1966). The other requirements for a motion for a new trial based on newly discovered evidence are that the evidence must be such as would probably change the result on a new trial, must be material, must not be merely cumulative or impeaching, and must relate to facts which were in existence at the time of the trial. Id.

15. Dawn v. Dawn, 90 U.S.App.D.C. 226, 194 F.2d 895, 896 (1952); Hirsch v. Hirsch, 366 S.W.2d 484, 489 (Kansas City Ct.App.1963); Sweeny v. Sweeny, 48 Wash.2d 872, 297 P.2d 610, 612 (1956); 2 W. Nelson, Divorce and Annulment § 15.37, at 304–05 (2d ed.1961). Subsequent to the denial of the motion for modification, the legislature enacted AS 09.55.205 which reads as follows:

In actions for divorce or for legal separation the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make an order for the custody of or visitation with the minor children which may seem necessary or proper and may at any time modify or vacate the same. In awarding custody the court is to be guided by the following considerations:

(1) by what appears to be for the best interests of the child and if the child is of a sufficient age and intelligence to form a preference, the court may consider that preference in determining the question;

(2) as between parents adversely claiming the custody neither parent is entitled to it as of right.

In accordance with the views expressed in this opinion, the case is remanded for modification of the judgment as it pertains to appellee's obligation to make payments to appellant for the support of the minor children of the parties, as to the property division between the parties, and as to attorney's fees to be awarded to appellant. In all other respects the judgment is affirmed.