**Joseph Samuel CURGUS, Appellant,**

v.

**Sandra Lucille CURGUS, Appellee.**

**No. 1837.**

Supreme Court of Alaska.

Oct. 4, 1973.

Donald L. Craddick, Sitka, for appellant.

William Babcock and Peter S. Hallgren, Sitka, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

FITZGERALD, Justice.

■ This appeal is taken from an order modifying a divorce decree. The antagonists are the parents of six young children. In the divorce proceeding allegations had been made that the mother was unfit because of her personal relationship to another man. This led to an embittered contest, and under difficult circumstances Judge Thomas Stewart in a carefully reasoned opinion undertook to arrive at a result looking to the best interests of the children.[1]

The judge had ordered an investigation into the circumstances of the children by a trained and competent social worker. He noted that the separation of children is unfavored in law because ordinarily it is desirable to permit children to grow up in a normal relationship with their brothers and sisters. Nevertheless, the judge concluded that neither parent was adequately situated to be responsible for the custody of all six children. Marjo and Andrew, both infants, and daughter Michele, age nine, were placed in the mother's custody. The other children, Joseph, James and Johanna, were placed with their father.

In his decree the judge provided each parent reasonable visitation rights. He ordered the father to pay child support of $80 per month for each child in the mother's custody. Finally, he made a fair and just allocation of the material assets accumulated by the parties during their marriage. So the matter rested for approximately one year.

Joseph Curgus, appellant here, then filed an application in superior court to modify the divorce decree. He requested that the child support payments be reduced to $40 per month for each child. He further requested a $3,600 offset against the sum required of him to be paid to the mother by the property settlement order. In support of his motion to reduce the support payments appellant claimed that from the time the divorce decree was entered his earnings had decreased.

Prior to the hearing on his motion appellant interposed an additional application. In his second motion the appellant, who now resides in Anchorage, requested the court to provide him with summer visitation of the children in appellee's custody.

Both motions came on for hearing at Sitka before Judge Victor Carlson. After the hearing was completed Judge Carlson entered an order amending the divorce decree. By his order appellant's support payments were reduced to $60 per month for each child in the mother's custody. He also allowed appellant an offset against an amount owed to the appellee under the divorce decree. The present appeal does not involve the matters taken up by appellant's first motion.

At the time of his ruling, the judge passed upon appellant's second motion which was to provide him with a summer visitation of the children in appellee's custody. As we have observed, the original decree had provided that the father was awarded the exclusive care, custody and control of Joseph, James and Johanna, with the mother to have reasonable rights of visitation with said children. In the amending order, the judge added a provision to the original decree allowing the appellee, between the period of June 1 and August 31 of each year,

" [to] have all or any of the said children visit with her at her place of residence for up to 30 consecutive days. Round trip transportation costs for such yearly summer visitation shall be paid by [appellant]."

The amending order also added a provision to the part of the decree respecting Michele, Marjo and Andrew to allow appellant:

" [B]etween the period of June 1 to August 31 (both dates included) of each

1. In divorce proceedings where custody of children is made an issue, the best interests of the children control. Glasgow v. Glasgow, 426 P.2d 617 (Alaska 1967).

year, [to] have any or all of said children visit him at his place of residence for up to 30 consecutive days. Round trip transportation costs for such yearly summer visitation shall be paid by [the appellant]. Notwithstanding the foregoing provision, before [appellant] shall be entitled to any summer visitation rights, there shall have first been a visit with [appellee] at her place of residence. Transportation costs thereof to be paid by [appellant]."

Our reading of these parts of the amending order indicates that the appellee Sandra Curgus is allowed to have unconditional summer visitation rights regarding the children in the appellant's custody, and he must bear the expense. But it would seem that unless such a visit in fact occurs, appellant is not allowed summer visitation rights regarding the children in the appellee's custody.

Appellant's contentions on appeal are that it is unjust to require him to pay transportation expenses for the children in his custody to visit appellee without a showing that such is necessary in order to make the visitation possible, and immoral to require him to pay the expenses of any visitation to appellee in circumstances where she is illicitly cohabiting with a man to whom she is not married. He objects, as well, to that part of the amending order which conditions his summer visitation rights upon whether the appellee chooses to exercise her right of summer visitation. Finally, appellant claims the entire amending order is improper in that it allows the appellee mother to retain custody of three young children although she is openly and illicitly cohabiting with a man to whom she is not married.

We note that the record of the hearing on the motions to modify the decree shows clearly the animosity and hostility of the parents toward each other. Here, as sometimes happens, the emotions and feelings of the parents seem to have overcome their ability to act reasonably for the best interests of their children. Both parents undertook at the hearing to relitigate most of the original contentions presented to the court at the time of the divorce proceedings.

■ As a general rule we are reluctant to interfere with the broad discretion of the trial court in matters affecting the custody of children. The decision of the trial court will not be overturned on appeal unless it amounts to an abuse of discretion.[2] The trial court is given broad discretion in fashioning suitable visitation rights and support obligations.[3] Nevertheless, we hold that the amending order is in part erroneous since it operates to condition the appellant's summer visitation rights upon the exercise by appellee of her rights to summer visitation.

■ Appellee in her testimony stated that she had not attempted to visit the children in appellant's custody from the time the divorce decree was entered. Nevertheless, the trial court made the appellant's right to summer visitation contingent on the exercise by appellee of her right of summer visitation. The appellee is thus to a disconcerting degree able to control the visitation rights of appellant. In view of the hostility and unreasonableness demonstrated by the parties in the course of and subsequent to the divorce proceedings the condition imposed on appellant's summer visitation rights is inappropriate.

■ Turning to appellant's claim that it was unjust to make him pay the transportation expenses of summer visits to appellee, we uphold the ruling of the trial judge. Although the evidence at the hearing was sketchy we are unable to say the judge abused his discretion when he ordered the appellant to pay the expenses of summer visitation to appellee. The record clearly established the appellee was not regularly employed and her income was at best uncertain. The evidence failed to demon-

---

2. Sheridan v. Sheridan, 466 P.2d 821 (Alaska 1970).

3. AS 09.55.205; AS 09.55.210(2).

strate appellee's ability to pay the expenses of exercising her visitation rights.

Appellant finally contends that the modifying order is improper in that appellee is allowed to retain custody of three young children while engaging in an illicit cohabitation.

■ The appellant's motions did not raise this issue. Even assuming that the trial court should grant all relief appropriate under the evidence, the issue was not squarely raised until after the evidence on the hearing had been completed. Under these circumstances the court was, of course, justified in leaving the custody of Michele, Marjo and Andrew with appellee.

The amending order is vacated in part and the case remanded for further proceedings in compliance with this opinion.