Linda Kay BRENTON, Appellant,

v.

Charles Robert BRENTON, Appellee.

No. 3154.

Supreme Court of Alaska.

June 10, 1977.

Peter LaBate, Anchorage, for appellant.

Albert H. Branson, Jacobs, Branson & Guetschow, Anchorage, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

PER CURIAM.

In this appeal, Linda Kay Brenton contends that the superior court erred in awarding her $100.00 a month child support for each of five children, for a total of $500.00 per month. She contends that a substantially higher sum should have been awarded.

We have carefully reviewed the record in light of the arguments presented in the briefs and have concluded that the superior court did not abuse its discretion in the award of child support. In *Houger v. Houger*, 449 P.2d 766, 770–71 (Alaska 1969), we discussed the statute then in effect pertaining to child support, stating:

> As in other cases where discretionary authority is involved, we shall not reverse the trial court in the absence of the showing of an abuse of discretion. And we shall not find an abuse of discretion unless we are left with the definite and firm conviction on the whole record that the judge made a mistake in awarding the child support he did. (footnotes omitted)

While the present statutory language, AS 09.55.210(2), has been changed, the criteria set forth in *Houger* still apply.

Here the father's net income is approximately $1,434.00 a month, and anticipated expenditures including the $500.00 per month awarded as child support could exceed that sum. Admittedly, the allowance for child support is low under present economic conditions, but nothing would be accomplished by ordering impossible payments to be made. We do note that part of the financial difficulty is due to payments required for debts accrued by the family, including the substantial costs incurred as the result of the birth of the youngest child. At such time as that indebtedness is paid or upon some other change in circumstances involving increased income for Mr. Brenton, it may be that a more substantial award will be feasible. An application for modification of a decree of divorce pertaining to

support payments may be made at any time after judgment.[1]

 On the basis of the record presented to us, however, considering both the needs of the children and the ability of the father

to pay, we do not find an abuse of discretion on the part of the trial court.[2]

AFFIRMED.

1. AS 09.55.220 states:

 *Modification of judgment.* Any time after judgment, the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, or for the appointment of trustees for the care and custody of the minor children, or for their nurture and education, or for the maintenance of either party to the action.

2. *See In Re Marriage of Ames,* 129 Cal.Rptr. 334, 337 (Cal.App.1976), where the court found that an award of $100.00 a month was an abuse of discretion and would provide for only the barest essentials of life. In *Ames,* however, the appellate court was influenced by the fact that the father earned $40,000.00 a year and that there was only one child of the marriage. This court found an award of $150.00 per month for one child insufficient in *Courtney v. Courtney,* 542 P.2d 164, 169 (Alaska 1975). There, however, too, the noncustodial parent had earnings of over $40,000.00, representing an earning capacity of over five times that of the custodial parent. *See In Re Marriage of Cosgrove,* 27 Cal.App.3d 424, 103 Cal.Rptr. 733, 738 (1972) (award of $100.00 per month for each of three minor children inadequate where noncustodial parent has income exceeding $40,000.00 per year and assets in excess of

$200,000.00). On the other hand, awards of $75.00 per month for each of three children and $80.00 a month for each of three children were approved in *Houger v. Houger, supra,* and *Curgus v. Curgus,* 514 P.2d 647, 649 (Alaska 1973), cases in which the noncustodial parent had lesser earning capacities. *Houger* in particular presents this court's attempt to strike a balance between need and ability to pay in difficult circumstances. It stated:

. . . . [A]ppellant would probably have a difficult time in supporting three children with $225 a month that appellee was required to pay when he was able to do so. But in setting this amount for child support, the court was undoubtedly influenced by fact of appellee's physical disability which prevented him from carrying on his trade as a carpenter and by the fact that appellant was permitted by the judgment to occupy the parties' trailer home and nine acres of land without payment of rent so long as she remained in Alaska and unmarried. Considering these factors, we are not convinced that the judge made a mistake . . . . 449 P.2d at 771.

Here the evidence of the parties' incomes and expenditures sufficiently justifies the decision of the trial court so that we are unable to find an abuse of discretion.