**August C. AGA, SR., Appellant,**

v.

**Gwendolyn A. AGA, Appellee.**

No. S–6949.

Supreme Court of Alaska.

July 25, 1997.

Robin A. Taylor, Anchorage, for Appellant.

William W. Whitaker, Law Office of Charles A. Winegarden, Kodiak, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH, and FABE, JJ.

## OPINION

RABINOWITZ, Justice.

### I. FACTS AND PROCEEDINGS

August and Gwendolyn Aga were married in 1974. They were divorced in 1990. The superior court's 1990 decree of divorce adopted and incorporated the parties' child custody, child support and property settlement agreement. The settlement agreement provides in part:

> (b) HUSBAND shall pay WIFE for the support, care and maintenance of CHILDREN a sum computed in accordance with Alaska Rule of Civil Procedure 90.3. Notwithstanding the foregoing, HUSBAND agrees to pay not less than $472.50 per month as child support or $945.00 total for both children, irrespective of his income, and the calculation under Civil Rule 90.3.[1]

According to August, child support amounts, when calculated pursuant to this provision of the settlement agreement, represented from 47% to 104% of his total income during the period between 1991 and 1994. The $945 monthly total child support obligation provided for in the settlement agreement appears to have been based on August's 1989 income.[2] This amount appar-

---

1. The settlement agreement contained additional provisions relating to child support:

    (c) Pursuant to Section (a)(2) of CR 90.3, twenty seven percent (27%) of HUSBAND'S adjusted income shall be deducted from his monthly income and shall be forwarded directly to WIFE. Adjusted income shall be calculated, in accord with CR 90.3(a)(1), by deducting from total income the following amounts: (i) Federal Income Tax; (ii) FICA mandatory deductions; (iii) ESC; and (iv) any other retirement or union dues which may become mandatory.

    (d) On or before April 20 of each year, HUSBAND shall pay WIFE any additional child support which may be due as a result of income

HUSBAND has received from other sources such as permanent fund dividends, which shall be computed pursuant to Civil Rule 90.3 as well.

    (e) The obligation of HUSBAND and WIFE shall be modified in accord with CR 90.3 as each child reaches the age of 18, marries, or is otherwise emancipated.

2. According to August's 1990 Civil Rule 90.3 Child Support Guidelines Affidavit, his gross income was $66,168, his adjusted gross income was $42,000, and his resulting Rule 90.3 annual child support obligation was $11,340 ($945 monthly).

ently bears little relation to the level of August's current income. Significantly, "Gwen does not dispute that August's current income is more than 15% below his 1989 income."

As a result of the decrease in his annual income, August filed a motion to modify his child support obligations in November 1994.[3] Gwendolyn opposed the motion. In part, Gwendolyn argued that

> [t]he Defendant's memorandum tends to leave the reader with the impression that his current obligation of $945 per month was arrived at by a Rule 90.3 calculation of his 1990 income in the first place. It was not.
>
> The amount of the Defendant's child support obligation was determined by agreement of the parties. . . .
>
> As the agreement demonstrates, the Defendant was given assets, including the parties' business, that were sufficient to generate substantial income. If the Defendant has subsequently squandered these assets or become voluntarily underemployed that should not affect his contactual [sic] obligation to support his children.

August's motion to modify his child support obligations was denied by the superior court. In its decision denying the motion, the superior court emphasized that "August received $36,300 more in net value as a result of the property division and debt allocation" and then stated the rationale for its ruling:

The substantial difference in the net value of property and the distribution of the on-going business to August provided sufficient consideration for the parties' child support agreement and a sufficient basis for the court to approve the support agreement.

August has not advanced a convincing reason to modify the child support agreement at this time. The motion to modify the amount of child support is DENIED without prejudice to any motion for relief from the effect of the agreement under Civil Rule 60(b).

August then filed a motion for reconsideration which was denied by the superior court. This appeal followed.

## II. DISCUSSION

August's primary contention is that the superior court erred in failing to modify his future child support obligations pursuant to Civil Rule 90.3. Modifications of child support are generally governed by AS 25.24.170 and Civil Rule 90.3(h)(1).[4] A prospective modification may be made "upon a showing of a material change in circumstances as provided by state law. A material change in circumstances will be presumed if support as calculated under this rule is more than 15 percent greater or less than the outstanding support order." Civil Rule 90.3(h)(1). As noted previously, Gwendolyn conceded that the decline in August's annual income brings

---

**3.** In his supporting memorandum, counsel for August argued:

The child support order entered in 1990 is $945 per month. Based upon defendant's 1994 income, the support should be $540.10 per month, which is a change of well over 15 percent. Thus, there is a presumed material change in circumstances pursuant to Civil Rule 90.3(h)(i) and the support should be lowered immediately.

**4.** AS 25.24.170 provides:

Modification of judgment. (a) Subject to AS 25.20.110, any time after judgment the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, for the appointment of trustees for the care and custody of the minor children or for their nurture and education, for the care, nurture, and education of unmarried 18-year-old children of the marriage while they are actively pursuing a high school diploma or an equivalent level of tech-

nical or vocational training and living as dependents with a parent, guardian, or designee of the parent or guardian, or for the maintenance of either party to the action.

(b) For the purposes of a motion to modify or terminate child support, the adoption or enactment of guidelines or a significant amendment to guidelines for determining support is a material change in circumstances, if the guidelines are relevant to the motion.

Civil Rule 90.3(h)(1) reads:

A final child support award may be modified upon a showing of a material change of circumstances as provided by state law. A material change of circumstances will be presumed if support as calculated under this rule is more than 15 percent greater or less than the outstanding support order. For purposes of this paragraph, support includes health insurance payments made pursuant to (d)(1) of this rule.

him within the ambit of the rule's presumed material change in circumstances.

Here, the parties' settlement agreement set a fixed minimum level of child support irrespective of the provisions of Civil Rule 90.3. Although this court has held that "parties are bound by settlement stipulations in the same manner as they would be bound by contract," *Dewey v. Dewey*, 886 P.2d 623, 625 (Alaska 1994) (citations omitted), it nonetheless is settled that "[a] child support order may be modified notwithstanding the fact that it was based on a separation agreement or stipulation signed by the parties." *Id.* at 629 (citation omitted); *see also Keating v. Traynor*, 833 P.2d 695, 696 (Alaska 1992) ("[A] parent may not waive the requirements of Rule 90.3 by private agreement.").

As noted, in denying August's motion to modify child support, the superior court relied on the parties' settlement agreement and declined to apply Civil Rule 90.3. The stated rationale for the superior court's decision is that "[t]he substantial difference in the net value of property and the distribution of the on-going business to August provided sufficient consideration for the parties' child support agreement and a sufficient basis for the court to approve the support agreement." In essence, the superior court reasoned that the original property division provided for in the parties' settlement agreement balanced out child support levels which proved to be higher than amounts computed in accordance with the formula found in Civil Rule 90.3. We rejected a similar rationale in *Arndt v. Arndt*, 777 P.2d 668 (Alaska 1989).

In *Arndt*, the wife, in support of a contingent motion for spousal support, argued that the original child support award was, at least in part, a form of disguised alimony. *Id.* at 669. In sustaining the superior court's denial of the motion, this court said:

> We have held that awarding one spouse a greater share of the marital property simply to ease his or her burden of child support constitutes reversible error. *Houger v. Houger*, 449 P.2d 766, 771 (Alaska 1969). The policy underlying *Houger* is equally applicable in this case. Division of

marital property by the court is separate and distinct from questions of child support. Property divisions are final judgments which can be modified only under limited circumstances, *O'Link v. O'Link*, 632 P.2d 225, 228 (Alaska 1981), whereas child support awards can be changed periodically under much more liberal standards. One should not be a tradeoff for the other.

*Id.* at 670.

Although Gwendolyn argues that "[i]n this case, there has been no trade-off," her argument is unpersuasive. It is apparent from the text of the superior court's order denying August's motion to modify child support that the court's analysis focused heavily on the distribution of marital property as the basis for its departure from the support guidelines provided for in Civil Rule 90.3. Gwendolyn cannot claim both that there was no trade-off and that the reason the child support provision is fair is that August received more property. As August observes, there is no indication in the parties' settlement agreement itself that they intended to balance an unequal property distribution with enhanced levels of child support. If there was a trade-off, the arrangement contradicts the teachings of *Arndt*. In the absence of a trade-off, the justification offered by the superior court for declining to apply Civil Rule 90.3 is inadequate.

The only explanation articulated by the superior court in ruling on the motion to modify child support involves the unequal property distribution. Given that under *Arndt* the superior court's property division has no relevancy to child support modification issues, we are left with the fact that the superior court failed to enter any relevant findings of fact to support its conclusion that "August has not advanced a convincing reason to modify the child support agreement at this time."[5]

On the basis of the foregoing, we conclude that the superior court's denial of August's motion to modify child support on the ground that an unequal distribution of property "pro-

---

5. We have previously held that a "lack of findings" in a Civil Rule 90.3 child support modifica-

tion context requires a remand. *Keating*, 833 P.2d at 696.

vided sufficient consideration for the parties' child support agreement," was erroneous. The superior court's rationale for rejecting the motion is contrary to our holding in *Arndt*. The parties calculated the $945 monthly child support payment by applying Civil Rule 90.3 to August's 1989 income, and Gwendolyn concedes that "August's current income is more than 15% below his 1989 income." Therefore, we remand this case to the superior court with instructions to consider August's motion to modify child support under the guidelines provided for in Civil Rule 90.3.[6]

## III. *CONCLUSION*

The superior court's denial of August Aga's motion to modify child support is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.[7]

**6.** We do not consider the application of the presumption in Civil Rule 90.3(h)(*l*) in cases where the parties initially agree that the noncustodial spouse will pay child support in excess of the amount required by Civil Rule 90.3(a).

**7.** As a consequence of our disposition, we find it unnecessary to address any other issue raised in this appeal.